IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OWNERS INSURANCE COMPANY, )<br>)<br>    Plaintiff/Counterclaim Defendant, )<br>)<br>                   v. )<br>)<br>SOUTHERN PINES HOTEL )<br>OPERATIONS LLC d/b/a DAYS INN )<br>OF SOUTHERN PINES, )<br>)<br>    Defendant/Counterclaim Plaintiff. )<br>_____ ) | 1:13CV8 |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on a Motion for Preliminary Injunction [Doc. #4] filed by Plaintiff/Counterclaim Defendant Owners Insurance Company ("Owners"). Following a hearing on January 24, 2013, and upon consent of the parties, the Court entered a Temporary Restraining Order staying the Appraisals and Appraisal Award at issue in this case, pending a hearing on and resolution of Owners' Motion for Preliminary Injunction. The parties appeared before this Court for a Preliminary Injunction hearing on Tuesday, February 12, 2013, at 10:00 a.m. For the reasons set forth below, the Court will deny Owners' Motion for Preliminary Injunction.

I.     FACTUAL BACKGROUND

On June 27, 2011, Defendant/Counterclaim Plaintiff Southern Pines Hotel Operations LLC d/b/a Days Inn of Southern Pines ("Days Inn") filed a Property Loss Notice for wind

damage allegedly occurring on June 21, 2011, under a commercial insurance policy ("the Policy") issued by Owners. In the Property Loss Notice, Days Inn stated that "Powerful winds damaged roof & water has penetrated into rooms–insured has called for roofer to get tarp placed." (Compl. Ex. 2, [Doc. #1-8]). On October 28, 2011, Days Inn filed a second Property Loss Notice for wind damage allegedly resulting from Hurricane Irene on August 27, 2011, which stated "Hurricane Irene–water damage to inside of building–possible roof damage also." (Compl. Ex. 3, [Doc. 1-9]). Days Inn thereafter amended its first Property Loss Notice date to April 16, 2011, and again to April 28, 2011. Owners agreed to proceed with the April 28, 2011, loss date going forward. [Myers Aff. Exs. 13 & 14, [Doc. #22-19 & 22-20]).

Owners investigated Days Inn's claims, including the amended dates alleged, and ultimately concluded that the damage was not caused by a "covered peril" (i.e. a windstorm), but rather was the result of "an aged, malfunctioning and poorly maintained roof." (Pl.'s Br. at 1, [Doc. #5]). Based on its findings, Owners denied each of Days Inn's insurance claims for property loss. On April 23, 2012, Days Inn made a written demand for an Appraisal under the "Appraisal Clause" within the Policy, which states as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

The parties then entered into a written Appraisal Agreement and each party selected an appraiser – Lewis O'Leary for Days Inn and Doug Grant for Owners. Thereafter, Days Inn

2

petitioned a Superior Court Judge of Moore County to select an umpire, and that Judge appointed Martin Overholt as umpire for the Appraisal process. On December 4, 2012, Martin Overholt, the umpire, and Lewis O'Leary, the appraiser for Days Inn, signed an Appraisal Award with regard to structural loss in the amount of $1,250,000.00, thereby concluding the Appraisal process with regard to structural loss.[1] The Appraisal process continued, however, with regard to business personal property loss and business income loss (collectively, "business losses"). A second Appraisal Award regarding the business losses has not yet issued.

On January 4, 2013, Owners filed its Complaint against Days Inn seeking a Declaratory Judgment, Stay of Appraisal, and Injunctive Relief. Specifically, Owners alleged that Days Inn failed to follow the proper procedures for initiating an Appraisal under the Policy and improperly sought to resolve causation and/or coverage issues through the Appraisal process. Owners further alleged that Days Inn improperly petitioned for appointment of an umpire and improperly utilized the umpire in the Appraisal process. Based on its allegations, Owners seeks to enjoin and/or stay the Appraisal Award regarding the structural loss and the pending Appraisal process regarding business losses until such time as the Court enters a Declaratory Judgment resolving whether and to what extent the loss claimed by Days Inn is covered under the Policy and whether the Appraisal process was properly followed in this case.[2]

---

[1] Pursuant to the Policy, as noted above, only two people must agree to an Appraisal Award for such an award to become binding. In this case, the fact that Doug Grant, the appraiser for Owners, did not sign the Appraisal Award for structural loss does not make the Award invalid on its face.

[2] Following entry of the TRO, Days Inn filed an Answer and Counterclaims against Owners for, among other things, breach of contract.

3

II.  PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008).  A movant seeking injunctive relief must establish four elements before such relief may issue: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Winter, 555 U.S. at 20, 129 S. Ct. at 374.  All four elements must be satisfied.  Id.

In its present Motion, Owners primarily contends that Days Inn demanded an Appraisal prematurely based on the Appraisal procedures set forth in the Policy.  Specifically, Owners contends that under the Policy and under North Carolina law, a party can only invoke the Appraisal process after there has been a disagreement between the parties regarding the value of the property or the amount of loss.  Owners further contends that such disagreement can only occur after the insured party submits to the insurer information supporting the insured's claimed losses.  In support of its position, Owners cites to the North Carolina Court of Appeals case Hailey v. Auto-Owners Ins. Co., 181 N.C. App. 677, 640 S.E.2d 849 (2007).  In Hailey, the court found that to the extent that the insurer requested that the insured provide inventories of the damaged property, including costs, values, and amounts of loss, as required by the post-loss duties,[3] "such compliance was a necessary condition precedent to the invocation of appraisal."

---

[3]  Owners was also a party in Hailey, such that the North Carolina Court of Appeals interpreted a post-loss duty provision nearly, if not actually, identical to that relevant to this case.  That post-loss duty provision that states: "At our request, give us complete inventories of the

Hailey, 181 N.C. App. at 687, 640 S.E.2d at 855.  The court in Hailey further found that even where the insurer informs the insured of a blanket denial of coverage, the insured must still "substantiate the amount of loss he allegedly sustained" before there can be a disagreement over loss.  Id.  In this case, Owners contends that, prior to demanding an Appraisal, Days Inn failed to provide Owners with any estimate or documentation regarding the amount of loss claimed such that there was no disagreement between the parties about the amount of loss.  As such, in light of Hailey, Owners contends in its Motion that Days Inn prematurely demanded an Appraisal in this case, with regard to both the structural loss and the business losses and, therefore, the Court should enjoin the Appraisal process.

With regard to the claimed structural loss, for which an Appraisal Award has already issued, the Court notes at the outset that Owners conceded at the Preliminary Injunction hearing that Days Inn in fact did present Owners with a roof repair estimate prior to demanding an Appraisal in this case.  Owners, therefore, acknowledged that Days Inn had met the conditions precedent to demanding the structural loss Appraisal, and that such Appraisal process had concluded with the issuance of the Appraisal Award.  However, in light of Owners' contentions underlying the Declaratory Judgment action, namely that coverage remains in dispute, Owners asked the Court to enjoin the Appraisal Award pending resolution of the Declaratory Judgment action.  In considering Owners' contentions, the Court notes that the Policy expressly affords Owners the opportunity to challenge the scope of coverage even after

---

damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed."

issuance of an Appraisal Award.[4] Therefore, pursuant to the Policy, the Court finds that the parties can fully and fairly resolve any coverage disputes and pending counterclaims simply by proceeding through litigation on the merits as a matter of course. The Court finds no basis to issue injunctive relief at this time. As such, to the extent that Owners seeks injunctive relief with regard to the structural loss Appraisal process and/or Appraisal Award, the Court will deny Owners' Motion.[5]

With regard to the Appraisal of the business losses at issue, Owners contends that at no time prior to demanding an Appraisal did Days Inn provide Owners with documentation or estimates regarding its purported business losses or otherwise raise a disagreement regarding the loss value with Owners. Furthermore, Owners contends that the Appraisal Agreement only referenced an Appraisal as to structural loss, and that Days Inn made no indication that it was seeking an Appraisal of business losses until it provided Owners documentation regarding

---

[4] The Policy provision regarding payment of loss states as follows:
> We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if:
> (1) You have complied with all of the terms of this Coverage Part; and
> (2) (a) We have reached agreement with you on the amount of loss; or
>     (b) An appraisal award has been made.

The Policy language set forth herein, namely that the insurer will pay for "covered loss or damage," indicates that Owners can properly raise coverage issues, at least within thirty (30) days after issuance of the Appraisal Award. Owners filed its present Declaratory Judgment action within that 30-day period.

[5] The Court notes that although it will deny Owners' request to enjoin the Appraisal process and Award as to the structural loss, nothing in this Order shall grant Days Inn any right to collect on the Appraisal Award at this time. Rather, in the absence of injunctive relief, the parties simply shall proceed with the underlying Declaratory Judgment action and Counterclaims in this case.

business losses in December of 2012. As such, Owners contends that the Appraisal for business losses was initiated prematurely. Owners further contends that if the Appraisal of business losses is allowed to proceed, Owners will "continue to incur substantial fees, costs and expenses in appraisal. Owners has had to retain NCF Engineering Services, and also Doug Grant as its appraiser for the Days Inn Appraisal Demand. Additionally, Owners has and will continue to incur costs[,] fees[,] and expenses for roof consultants, engineers, mold experts, umpire fees, etc. if the appraisal is not struck or stayed." (Pl.'s Br. at 13, [Doc. #5]). Based on the foregoing, Owners asks the Court to enjoin and/or stay the Appraisal process with regard to business losses.

In contrast to Owners' position, Days Inn contends that Owners agreed to an Appraisal process that included an Appraisal of the business losses at issue in this case. In support of its position, Days Inn notes that the Appraisal Agreement sent to Owners in April of 2012, and signed by Owners' representative Jennifer Gibson ("Ms. Gibson"), specifically sets forth a list of items for the appraisers' consideration in formulating an Appraisal Award, including loss of business personal property and business income. Days Inn further notes that Mr. Surendra Myers ("Mr. Myers"), the authorized representative and agent of Days Inn, sent an email to Ms. Gibson regarding the Appraisal Agreement, wherein Mr. Myers expressly referenced the "Award section" of the agreement, stating, "we probably should ask them to set out each part of the damages as individual line items in case there is [sic] still issues that Auto-Owners wishes to raise later." (Myers Aff. Ex. 4, [Doc. 22-10]). In response to Mr. Myers' email, Ms. Gibson stated, "this information and paperwork is fine. I do not see why there would be any problem with

7

sending this to the appraisers in this regard." (Myers Aff. Ex. 4, [Doc. 22-10]). As such, Days Inn contends that Owners agreed to the Appraisal of business losses, as it was proceeding prior to entry of the TRO, and that at no time prior to the institution of the present litigation did Owners challenge the Appraisal process as being premature or otherwise indicate to Days Inn that the proper procedure was not being followed under either the Policy, the signed Appraisal Agreement, or North Carolina law. Furthermore, Days Inn contends that Owners' claim that it will incur certain expenses if the Court does not enjoin the Appraisal process fails to sufficiently establish irreparable harm for purposes of issuing injunctive relief in this case. Based on the foregoing, Days Inn contends that Owners has failed to meet its burden with regard to issuance of injunctive relief and, therefore, that Owners' Motion for Preliminary Injunction should be denied.

In considering the parties' contentions, the Court acknowledges that cases such as Hailey may impact the resolution of the underlying claims in this case. However, the Court finds that regardless of whether Owners may succeed on the merits of any of its claims, it has failed to establish irreparable harm and has failed to show that the balance of equities tips in favor of granting the injunctive relief which it seeks at this time. In so finding, the Court notes that the emails between Mr. Myers and Ms. Gibson regarding the itemization of such things as business personal property loss and business income loss suggest that Owners assented to an Appraisal process that included an Appraisal of business losses. Ms. Gibson's statement that the Appraisal Agreement paperwork, which included the references to business personal property loss and business income loss, was "fine," and that such paperwork should be sent to the

8

appraisers, suggests that Owners, at least implicitly, agreed that all conditions precedent to appraisal were met and that the process should move forward.[6] Based on this evidence, the Court finds that, for purposes of seeking injunctive relief, Owners has failed to support its claim that it would be irreparably harmed by letting the business losses Appraisal process continue[7] and has similarly failed to show that the balance of equities tips in favor of granting injunctive relief in this case.[8]

III.   CONCLUSION

Based on the foregoing, the Court will deny Owners' Motion Preliminary Injunction [Doc. #4] on the grounds that Owners has failed to show that it will suffer irreparable harm

---

[6] The Court notes that nothing in this Order shall prevent Owners from arguing that the Appraisal process was premature, or otherwise improper, in support of its Declaratory Judgment action. The findings in this Order relate only to Owners' failure to meet its burden under the Preliminary Injunction standard.

[7] Furthermore, Owners' only evidence of potential harm relates to expenses that it might incur should the Appraisal process continue. The Court finds that the potential loss of such costs does not rise to the level of irreparable harm under the circumstances of this case.

[8] With regard to the Appraisal process generally, the evidence submitted by Days Inn tends to support Days Inn's contention that Owners agreed to the Appraisal process at the outset, and may have in fact initiated such process to some degree, thereby shifting the balance of equities in Days Inn's favor. Specifically, Days Inn has submitted an Affidavit from Mr. Myers, wherein Mr. Myers states that after Quin Cooke ("Mr. Cooke"), an Owners representative, sent a letter denying Days Inn's claims on December 13, 2011, Mr. Myers began verbal communications with Mr. Cooke regarding how to proceed with the claims process. Mr. Myers further states that he initially indicated to Mr. Cooke that "the next step in the process would appear to involve litigation and both sides would have to retain lawyers," but that Mr. Cooke, in response, indicated that "some repairs may be covered[,] and suggested that, in lieu of everyone retaining lawyers, [Days Inn] should invoke the insurance policy appraisal provision." (Myers Aff. ¶ 3, [Doc. #22-6]). Furthermore, Days Inn notes that the written Appraisal Demand, sent from Mr. Myers to Mr. Cooke on April 23, 2012, expressly thanks Mr. Cooke multiple times for suggesting the Appraisal process.

9

and that the balance of equities tip in favor of injunctive relief at this time. Furthermore, the Court will order that the Temporary Restraining Order previously entered in this case is dissolved and the bond required on the Temporary Restraining Order is released.

IT IS THEREFORE ORDERED that Plaintiff/Counterclaim Defendant Owners Insurance Company's Motion for Temporary Restraining Order and/or Preliminary Injunction and/or Stay of Appraisal [Doc. #4] is hereby DENIED.

IT IS FURTHER ORDERED that the Temporary Restraining Order [Doc. #19] previously entered in this case is hereby DISSOLVED and the bond required on the Temporary Restraining Order is hereby released.

This the 14th day of February, 2013.

United States District Judge